OPINION
On February 14, 1965, appellant, Antoinette Fronimo, and appellee, Paul Fronimo, were married. The parties were granted a divorce on May 20, 1988. On March 27, 2000, appellant filed a motion for relief from judgment claiming there was no provision for the allocation or division of appellee's pension benefits in the final decree. A hearing was held on May 15, 2000. By judgment entry filed same date, the trial court denied the motion. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FILED PURSUANT TO CIVIL RULE 60(B)(5) ABSENT AN EVIDENTIARY HEARING.
 I
Appellant claims the trial court erred in denying her Civ.R. 60(B)(5) motion without holding an evidentiary hearing. We disagree. Appellant filed a motion for relief from judgment some twelve years after the divorce because the final divorce decree omitted any distribution or discussion of appellee's pension benefits. Accompanying the motion was appellant's affidavit. In her affidavit, appellant claimed she "was unaware that I would not receive pension benefits unless they were included in the divorce decree" and she "did not learn that I would not receive pension benefits until my husband retired in approximately 1996." Appellee retired some eight years after the parties' divorce, some four years prior to appellant's motion being filed. In its judgment entry filed May 15, 2000, the trial court denied the motion finding "[t]he Plaintiff retired in 1996 and def was aware that she was not receiving benefits for these last 4 years but made no motion prior to now. Atty Miller argues the lack of timeliness and that this request is in the nature of a motion to modify for which the court did not reserve jurisdiction." The trial court ruled on the timeliness of the motion without discussing the merits. GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, is the leading case regarding Civ.R. 60(B) motions: 2. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
3. Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.
See, paragraphs two and three of the syllabus.
We concur with the trial court that timeliness is a threshold issue in any motion for relief from judgment. The standard for timeliness for a Civ.R. 60(B) motion is reasonableness. During the hearing held on May 15, 2000, appellant's counsel stated "we believe that the affidavit is sufficient to support her motion and that this matter should be set for evidence." T. at 4. Arguments were then presented to the trial court. No evidence was taken because appellant admitted that her affidavit standing alone was sufficient to support her motion. One could argue the request for an evidentiary hearing was on the issue of pension benefits. The standard for when an evidentiary hearing is necessary is set forth in Cogswell v. Cardio Clinic of Stark County, Inc. (October 21, 1991), Stark App. No. CA-8553, unreported. In Cogwell, this court held under Civ.R. 60(B), a hearing is not required unless there exists issues supported by evidentiary quality affidavits. The affidavit sub judice is of evidentiary quality and explains the reason for the delay of twelve years in filing for the relief. Appellant appears to have rested on it alone. A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Upon review, we cannot find an abuse of discretion in finding the motion was not timely filed because the twelve year old decree is unambiguous in not including pension benefits and four years had lapsed from the time of appellee's retirement. The trial court had sufficient evidence in the affidavit to determine the reasonableness of the delay. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Milligan, V.J. concur.